```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Gary Lawlor

    v.                                    Civil No. 12-cv-55-PB

Trish Lee et al.


**O R D E R**

Before the court for preliminary review is a complaint (doc. no. 1) filed by pro se plaintiff Gary Lawlor, who is currently detained at the Merrimack County House of Corrections ("MCHC").  See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A). Because Lawlor has alleged a plausible claim for relief, the court orders that the complaint be served on defendants.

**Discussion**

I.  Standard of Review

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A, the magistrate judge conducts a preliminary review of prisoner complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject

matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(2).

In determining whether to dismiss claims asserted in a pro se plaintiff's complaint for failure to state a claim upon which relief can be granted, the court decides whether the complaint, construed liberally, contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (pro se pleadings are construed liberally).  To make this determination, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor, to determine if the claim is plausible.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations and footnote omitted)).

II.  Background

Lawlor alleges that in May 2007, prior to his incarceration, he was diagnosed with "post herpetic trigeminal neuralgia,"[1] a chronic condition which causes extreme facial pain.  Lawlor had been under the care of Dr. O'Connell, a pain management doctor, who had prescribed a combination of medications to treat Lawlor's pain: Percocet, Oxycodone, Nortriptyline, and Klonopin.  Lawlor alleges that he had been taking this suite of medications since 2010.

Lawlor was incarcerated at the MCHC from October 26, 2011, until January 19, 2012.  During this period of detention, Lawlor received the same combination of prescription drugs that Dr. O'Connell prescribed for him.

Lawlor was released from the MCHC on January 19, 2012, but was arrested again four days later.  Lawlor alleges that upon

---

[1]Trigeminal neuralgia is a chronic pain condition that causes episodes of "extreme, sporadic, sudden burning or shock-like face pain."  National Institute of Neurological Disorders and Stroke, http://www.ninds.nih.gov/disorders/trigeminal neuralgia/detail trigeminal neuralgia.htm (last visited June 13, 2012).  The modifier "posterherpetic" refers to a condition that occurs after an attack of herpes zoster, such as shingles.  See Dorland's Illustrated medical Dictionary, 863, 1524 (31st ed. 2007).

his January 23, 2012, return to the MCHC an intake nurse there said she would pass along the medication orders prescribed by Dr. O'Connell to defendant Trish Lee ("Lee"), a physician's assistant with the MCHC medical department.  Lawlor asserts that neither Lee nor anyone else provided him with the combination of medications prescribed by Dr. O'Connell, and that had previously been given to him at the MCHC.  Instead, Lawlor has only been given Nortriptyline,[2] which he claims does not alleviate his pain.  Lawlor asserts that Lee told him that she intended to wean him off of the four medications for "ethical reasons." Lawlor submits that when he complained to a nurse, she opined that the medication changes were "probably due to the budget." Lawlor now contends that he is in constant pain because the Nortriptyline is ineffective alone, and the MCHC refuses to give him the combination of medications that Dr. O'Connell had prescribed.  Lawlor alleges that as a result, he experiences pain that interferes with his ability to sleep and function normally.

Lawlor claims he has submitted requests slips and two grievance forms to Lee, plus two grievance forms to defendant

---

[2] "Nortriptyline" is "a tricyclic antidepressant . . . used to treat panic disorder and to relieve chronic, severe pain." Dorland's Illustrated Dictionary, 1311 (31st ed. 2007).

Ron White ("White"), the Superintendent of the MCHC, but their replies do not address his pain management issues.  Based on these allegations, Lawlor asserts inadequate medical care claims against defendants Lee and White, and seeks injunctive relief and damages.

III. Analysis

As a pretrial detainee, Lawlor's claim for the denial of adequate medical care arises under the Fourteenth Amendment's due process clause.  Ruiz-Rosa v. Rullán, 485 F.3d 150, 155 (1st Cir. 2007) (citing Burrell v. Hampshire Cnty., 307 F.3d 1, 7 (1st Cir. 2002)).  The protection afforded pretrial detainees under the Fourteenth Amendment is at least as great as that afforded convicted inmates under the Eighth Amendment.  See Burrell, 307 F.3d at 7 (citing Bell v. Wolfish, 441 U.S. 520, 545 (1979)).  The standard applied to the treatment of pretrial detainees is the same as that applied to convicted inmates' claims under the Eighth Amendment.  Burrell, 307 F.3d at 7; see also Ramos v. Patnaude, 640 F.3d 485, 489 (1st Cir. 2011).

To state a claim for unconstitutionally inadequate medical care, Lawlor must first assert facts to demonstrate that he was deprived of adequate care for a serious medical need; a serious medical need "is one that has been diagnosed by a physician as

5

mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011) (internal quotation marks and citation omitted).  Next, Lawlor must demonstrate that defendants were deliberately indifferent to his serious medical need by demonstrating that defendants were "'aware of facts from which the inference could be drawn that a substantial risk of serious harm'" to plaintiff's health and safety existed that required medical treatment, that defendants actually drew the inference, and that defendants failed to take reasonable steps to remedy or alleviate the risk.  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  The standard for deliberate indifference:

> encompasses a narrow band of conduct: subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim, rather, the treatment provided must have been so inadequate as to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.

Leavitt, 645 F.3d at 497 (internal quotation marks and citations omitted).  Deliberate indifference occurs when medical care is "so inadequate as to constitute an unnecessary and wanton infliction of pain, . . . shown by the denial of needed care as punishment and by decisions about medical care made recklessly

6

with actual knowledge of the impending harm, easily preventable."  Id. (internal citations omitted).

By alleging that he has postherpetic trigeminal neuralgia that has been diagnosed and treated by a physician, and that causes extreme, on-going pain, Lawlor has stated facts to demonstrate an "objectively, sufficiently serious" medical condition to support a claim for inadequate medical care.  Id. The decision to limit Lawlor's prescription medication to just Nortriptyline can plausibly be construed as deliberate indifference to his serious medical needs.  Lawlor alleges that this single medication failed to alleviate his severe pain. Lawlor also alleges that he filed several requests slips with Lee and submitted four grievance slips complaining about the medication:  two each to both Lee and White.  Defendants are aware, according to Lawlor, that Lawlor's pain was relieved by the combination of drugs he was taking during his prior incarceration.  The complaint, therefore, sufficiently alleges that defendants were aware that the medication they were prescribing was not alleviating Lawlor's severe pain, that the pain would have been easily prevented by the defendants' prescribing of medication they had recently provided to him, and yet they failed to act to address Lawlor's ongoing pain.  While

this case may ultimately reveal nothing more than a "disagreement as to the appropriate course of treatment" not constituting deliberate indifference, Ruiz-Rosa, 485 F.3d at 156, at this early stage of the proceedings, Lawlor has alleged the minimal facts necessary to state a claim for deliberate indifference to his serious medical needs, in violation of the constitution.

**Conclusion**

Because Lawlor has stated a claim for the violation of his Fourteenth Amendment rights against defendants Lee and White, the complaint must be served. See 28 U.S.C. § 1915(d); LR 4.3(d)(1)(B)(iii). The Clerk's office is instructed to complete and issue a summons for each defendant and to forward the summonses, along with copies of the complaint (doc. no. 1), and this order, to the U.S. Marshal's office to complete service in accordance with this order and Fed. R. Civ. P. 4(c)(3). See LR 4.3(d)(1)(B)(iii). Service may be effected on defendants Lee and White either by delivering copies of the above-referenced documents to each of them personally, or by leaving those same documents at the respective defendant's abode, pursuant to N.H. Rev. Stat. Ann. § 510:2 (1997). See Fed. R. Civ. P. 4(e)

(providing for service on individuals within the federal judicial district).

Defendants are instructed to answer or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A). Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 13, 2012

cc: Gary Lawlor, pro se

LBM:jkc