UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gary Lawlor

   v.                                  Civil No. 12-cv-55-PB

Trish Lee et al.


**O R D E R**

Before the court is Gary Lawlor's motion for court-appointed counsel (doc. no. 24). For the reasons stated herein, the motion is denied without prejudice.[1]

There is no constitutional right to have the court appoint counsel in a civil case. See Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003). While the court has the discretion to appoint counsel in a particular case, it must do so "only if 'exceptional circumstances [a] represent such that a denial of counsel [i]s likely to result in fundamental unfairness impinging on [plaintiff's] due process rights.'" King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) (quoting DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)); see also Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (indigent

---

[1] The deadline for objecting or otherwise responding to this motion has not yet passed. Because the court is denying the motion, the court finds it is most expedient to do so prior to the preliminary pretrial, scheduled for August 17, 2012, so that Lawlor can adequately prepare for that hearing.

litigant has no constitutional right to counsel in a civil case and must demonstrate exceptional circumstances to justify the appointment of counsel).  To determine if "exceptional circumstances" require the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  DesRosiers, 949 F.2d at 24.  Additional relevant facts include the complexity of the factual issues and the indigent's ability to conduct the necessary factual investigation on his own.  See Cookish, 787 F.2d at 3.

In support of his request for counsel, Lawlor asserts that: 1) he is unable to get legal advice from the court clerk's office; 2) he is having difficulty understanding all of the language used in the legal papers filed by defendants' counsel; 3) defendants have demanded a jury trial in this matter and Lawlor is not able to properly conduct witness examinations or have his own evidence admitted at trial; 4) he is unsure of how to comply with discovery requests; and 5) he does not have access to sufficient legal resources to adequately represent himself in this matter.  While the court understands that the factors set forth by Lawlor make it more difficult for him to

prosecute this action than if he were to have counsel, that fact does not distinguish Lawlor from the majority of prisoners who pursue pro se civil rights actions in the federal courts. Lawlor's specific reasons for requesting counsel are common to most pro se prisoners, and thus do not constitute extraordinary circumstances.  Should this matter eventually entail an evidentiary hearing or jury trial, or should evidence, discovery, or other issues in this case become unusually complicated, Lawlor may renew his request for counsel at that time.  Lawlor has not sufficiently asserted that he will be denied due process of law in the absence of an order appointing counsel in this matter at this time.

    That said, the court notes that although judges, other court personnel, and opposing counsel are not able to give Lawlor legal advice, Lawlor is welcome to ask questions at the preliminary pretrial, either seeking clarification of any terminology he does not understand, or general procedural questions.  Further, the court has every confidence that counsel for defendants will make every effort, consistent with effective representation of his clients, to use plain language rather than "legalese" in court filings so as not to unnecessarily confound the plaintiff in this matter.

To the extent Lawlor is attempting to assert new claims of negligence, interference with legal mail, or inadequate access to legal research materials, he must do so in a separately filed motion to amend. This motion will not be construed to contain a request to add claims in this matter. Lawlor's references to those issues are considered here only insofar as they are asserted in support of his request for appointed counsel.

### Conclusion

For the foregoing reasons, the motion for court-appointed counsel (doc. no. 24) is DENIED. The denial is without prejudice to Lawlor renewing his request in the future, should circumstances warrant.

SO ORDERED.

                                                            */s/ Landya McCafferty*
                                                            Landya McCafferty
                                                            United States Magistrate Judge

August 15, 2012

cc:  Gary Lawlor, pro se
     John A. Curran, Esq.

LBM:jba